UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH LUIS LEVIN,

       Petitioner,

v.                                    Case No. 3:25-cv-1490-JEP-LLL

WARDEN, COLUMBIA CORRECTIONAL
INSTITUTION – ANNEX,

       Respondent.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

      Petitioner, an inmate of the Florida penal system, initiated this case by filing a document titled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Doc. 1), alleging he is being illegally detained. He moves to proceed *in forma pauperis* (Doc. 2). In his Petition, Petitioner explains that he originally was sentenced in 2015, but on September 26, 2023, the state court resentenced him, increasing his probationary period. *See* Doc. 1 at 2, 4. He acknowledges he previously challenged his judgment of conviction through a habeas corpus action under § 2254 but says his "resentencing constitutes a new factual predicate," making relief under § 2254 "inadequate or ineffective to test the legality of his detention." *Id.* at 3–5 (citing § 2255's "saving clause" as discussed in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999)).

As an initial matter, the Court notes that Petitioner's reliance on § 2255's "saving clause" is misplaced. *See* 28 U.S.C. § 2255(e). "The saving clause provides a *federal* prisoner relief . . . when his remedy by motion [under § 2255] is inadequate or ineffective . . . ." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1085 (11th Cir. 2017) (emphasis added) (internal quotation marks omitted).

Petitioner is a state prisoner in custody pursuant to the judgment of a state court. As such, he is subject to the restrictions governing petitions filed under § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Among those restrictions is a bar against filing a second or successive habeas petition without first obtaining authorization from the appellate court. *See* 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application" under § 2254). *See also Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization").

Petitioner may not circumvent the restrictions governing the filing of second or successive habeas petitions by filing his Petition under § 2241 because a state prisoner who files a habeas petition under § 2241 challenging

his state court judgment of conviction "is subject to the bar on second and successive petitions contained in § 2244(b)." *Johnson v. Warden, Ga. Diagnostic & Classification Prison*, 805 F.3d 1317, 1323 (11th Cir. 2015) ("[The] requirement [set forth in § 2244(b)(3)(A)] cannot be evaded by characterizing the petition as one filed under § 2241 instead of § 2254."). *See also Medberry*, 351 F.3d at 1060 (explaining that both §§ 2241 and 2254 "govern[] a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court").

Petitioner does not allege or demonstrate that he has obtained the required authorization from the Eleventh Circuit to proceed on a second or successive habeas petition. *See* § 2244(b)(3)(A). Indeed, a review of the Eleventh Circuit docket shows that, on November 3, 2025, that court dismissed in part and denied in part Petitioner's motion for leave to file a successive petition for habeas corpus. *See In re Levin*, No. 25-13632 (11th Cir.). To the extent Petitioner implies his petition is not second or successive because the state court resentenced him and entered a new judgment, this Court has already considered and rejected this argument. *See* Case. No. 3:24-cv-1282-MMH-LLL (Doc. 3).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on December 11, 2025.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Joseph Luis Levin